UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
                                     :

JOB GOLIGHTLY, on behalf of himself and all :
other similarly situated,                   :

                                      :

                     Plaintiff,     :           1:21-cv-03005  (LJL)
                                      :

            -v-                  :      CASE MANAGEMENT PLAN AND
                                      :          SCHEDULING ORDER

UBER TECHNOLOGIES, INC., and        :
CHECKR, INC.,                    :

                                      :

                   Defendants. :

                                      :
-------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1.    All parties **do not consent** to conducting all further proceedingsbefore a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).The parties are free to withhold consent without adverse substantive consequences. [*If allparties consent, the remaining paragraphs need not be completed.*]

2.    The parties **have** conferred pursuant to Federal Rule of Civil Procedure 26(f). Uber contends Plaintiff is bound by an arbitration agreement requiring Plaintiff to arbitrate his claims on an individual basis. During the parties' Rule 26(f) conference, Uber expressed its position that the arbitration issue should be decided first, before any substantive discussions regarding discovery and case scheduling. Plaintiff stated his intent to oppose arbitration and disagreed that discovery should be deferred pending a ruling on Uber's forthcoming motion to compel arbitration and dismiss or, in the alternative, strike class allegations and stay proceedings.

3.    The parties **have** engaged in settlement discussions.

      **Plaintiff's and Checkr's Position With Respect To Claims Against Checkr:**  Plaintiff and Defendant Checkr, Inc. have engaged in resolution discussions and have reached an agreement in principle and expect to file a stipulation of dismissal with prejudice as a result by June 30.  As a result, Plaintiff and Checkr agree and request that any deadline that may apply to Checkr's responsive pleading or any other action by Checkr in the litigation be stayed.  Plaintiff and Checkr agree that nothing contained herein or otherwise waives any of Checkr's rights or defenses, including Checkr's argument that Plaintiff would be bound to arbitrate his claims against Checkr.

      **Plaintiff's Position With Respect to Claims Against Uber:** Regarding Defendant Uber, Plaintiff has expressed interest to Uber in discussing a resolution of this matter that would primarily include injunctive relief to bring Uber's practices into compliance with the relevant statutes, but Uber declined to engage, instead contending that the threshold issue is the arbitrability of Plaintiff's claims.  Plaintiff did not indicate that he was only interested in settlement negotiations on a classwide basis.

      **Uber's Position:** Plaintiff has indicated an interest only in settlement negotiations on a classwide basis. At the parties' Rule 26(f) conference, Uber explained to Plaintiff that because Plaintiff is bound by an arbitration agreement requiring him to arbitrate his claims on an individual basis, any class settlement discussions are improper or, at best, premature.

4.    Any motion to amend or to join additional parties shall be filed no later than **30 days following the initial pretrial conference, or by July 30, 2021.** [*Absent exceptional circumstances, a date not more thanthirty (30) days following the initial pretrial conference*.] <u>Note</u>: Pursuant to Paragraph 3(B) of the Court's Individual

Practices in Civil Cases, the Court will deny a motion to dismiss, as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer; (b) file a new motion to dismiss; or (c) submit a letter-motion stating that it relies on the initially-filed motion to dismiss in which event the Court will treat the initially-filed motion to dismiss as a new motion to dismiss the amended pleading.

**Pursuant to Paragraph 2(J) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. At the Initial Pretrial Conference, parties should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5.    Initial disclosures.

**Plaintiff's Position:** Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure should be completed no later than **14 days following the initial pre-trial conference, or by July 14, 2021.** [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

**Uber's Position:** Uber does not believe that an exchange of Rule 26(a)(1) initial disclosures is appropriate given that Plaintiff is obligated to arbitrate his claims. All discovery should be deferred pending the Court's threshold decision on whether Plaintiff has standing to pursue his claims in this forum, or whether he must proceed in arbitration on an individual basis. *Hamoudeh v. UnitedHealth Group, Inc.*, 2016 U.S. Dist. LEXIS 65179 at *2-*3 (E.D.N.Y. May 17, 2016) ("Plaintiffs may only move for certification on behalf of similarly situated parties if they have standing to bring this lawsuit; whether Plaintiffs have standing, however, hinges on the outcome of the motion to compel arbitration."); *Dixon v. NBCUniversal Media LLC*, 947 F. Supp. 2d 390, 406 (S.D.N.Y. 2013) (denying a motion for conditional certification as moot after finding named plaintiff's claims to be subject to arbitration, because such a plaintiff "lacks any potential interest in prosecuting this action in this Court on behalf of others") (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (dismissing entire action after the named plaintiff's individual claim was satisfied and became moot, notwithstanding collective-action allegations in complaint, because the named plaintiff "lacked any personal interest in representing others in this action").

6.    Fact discovery.

**Plaintiff's Position:**   All fact discovery is to be completed no later than **9 months following the initial pre-trial conference, or by April 1, 2022.** [*A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*] Plaintiff requests nine months in which to complete fact discovery for several reasons. First, this is a proposed class action, which means the parties will need to conduct both discovery on the claims of the named Plaintiff and the members of the proposed class under the NYCHRL, FCRA, and NY FCRA, and Uber's defenses, arguments, and

objections, if any, on both the merits and to class certification.  Plaintiff anticipates seeking ESI and paper discovery on Uber's policies and practices material to Plaintiff's claims as well as information on all potential class members.  Plaintiff also anticipates taking numerous corporate depositions on Uber's policies and practices.  For these reasons, Plaintiff believes nine months in which to complete fact discovery is reasonable in light of the individual and classwide issues in this matter.

Plaintiffs understands that Uber intends to seek a stay of discovery during the pendency of its anticipated motion to compel arbitration. Plaintiff opposes Uber's anticipated arbitration motion on the ground that he belongs to a class of workers engaged in interstate commerce and therefore his arbitration agreement is exempt from coverage under § 1 of the Federal Arbitration Act.  *See, e.g.*, *Haider v. Lyft, Inc.*, No. 20 Civ. 2997 (AJN), 2021 WL 1226442, at *5 (S.D.N.Y. March 31, 2021) (holding that New York City-based rideshare driver was engaged in interstate commerce and that his contract was therefore within the FAA § 1 exemption); *Islam v. Lyft, Inc.*, No. 20-CV-3004 (RA), 2021 U.S. Dist. LEXIS 43839, at *29-30 (S.D.N.Y. Mar. 9, 2021) (holding "that rideshare drivers for companies like Lyft and Uber, as a nationwide class, perform sufficient numbers of interstate rides, with sufficient regularity, to make them 'engaged in' interstate commerce" and therefore within the  § 1 exemption).  In addition, Plaintiff intends to seek limited discovery into the applicability of the § 1 exemption to respond to Uber's motion.  *See Singh v. Uber Techs. Inc.*, 939 F.3d 210, 218, 226-28 (3d Cir. 2019) (ordering limited discovery on the applicability of the FAA § 1 exemption where the issue was placed in dispute); *Sienkaniec v. Uber Techs*, 401 F. Supp. 3d 870, 872-73 (D. Minn. 2019) (*sua sponte* ordering limited discovery on the applicability of the exemption).

If the Court finds that Plaintiff's arbitration agreement is exempt under § 1, New York law will apply, per the agreement's terms.  Because Plaintiff brought a discrimination claim under the New York City Human Rights Law, if New York law applies, the arbitration clause will be unenforceable.  *See* N.Y. C.P.L.R. § 7515(a)(2) (barring arbitration clauses for discrimination claims under New York law).  Uber notes below that Judge Abrams still ordered the driver to arbitration in *Islam v. Lyft* even after finding that the FAA's § 1 exemption applied, but that was because the plaintiffs there brought breach-of-contract claims, which made the arbitration clause otherwise enforceable under New York law.  *Islam*, 2021 U.S. Dist. LEXIS 43839, at *4-5, *46-47.  By contrast, here, because Plaintiff brought a discrimination claim, there is no reasonable dispute that Uber's arbitration clause is otherwise unenforceable under New York law.

**Uber's Position:**  The Court should defer scheduling discovery until after deciding the motion to compel arbitration. If Plaintiff is ordered to arbitration on an individual basis, he has no standing to pursue classwide relief before this Court. *See Hamoudeh*, *Dixon*, *Genesis Healthcare, supra*. If there is a final order that Plaintiff's claims should not proceed to arbitration, the parties should meet with the Court to discuss the parties' discovery schedule at that time.

If the Court allows this litigation to proceed notwithstanding the potentially dispositive

arbitration issue, Uber respectfully submits the parties would require more than nine months to complete discovery, and discovery should be bifurcated to permit discovery on class certification issues before discovery on the merits.

Regarding the merits of the arbitration motion, the weight of authority to consider the issue of the FAA's section 1 exemption to rideshare drivers like Plaintiff have concluded—without the need for discovery into the issue—that rideshare drivers are covered by the Federal Arbitration. This includes cases from this District. *See, e.g.*, *Aleksanian v. Uber Techs., Inc.*, No. 1:19-cv-10308 (ALC), 2021 U.S. Dist. LEXIS 43010, *12-13 (S.D.N.Y. Mar. 8, 2021) (" Because the Court concludes that this issue can be decided on the face of the complaint, the Court denies Plaintiffs' motion for discovery," and deciding "Uber drivers do not belong to a class of workers 'engaged in interstate commerce,'" and are "not exempt from the FAA pursuant to § 1."); *Rogers v. Lyft, Inc*., 452 F. Supp. 3d 904, 916 (N.D. Cal. 2020) (holding, without discovery, that drivers using the Lyft app are not exempt under Section 1, and "[i]nterstate trips that occur by happenstance of geography do not alter the intrastate transportation function performed by the class of workers"); *Capriole v. Uber Techs., Inc.*, 460 F. Supp. 3d 919, 932 (N.D. Cal. 2020) (citing statistics produced by Uber and holding, without discovery, that interstate rides provided by drivers using the Uber Driver App are not only "incidental" to interstate commerce but also "rare"); *In re Grice*, 974 F.3d 950 (9th Cir. 2020) (denying petition for mandamus and affirming that drivers who use the Uber Driver App are not exempt under Section 1); *Osvatics v. Lyft,* No. 20-CV-1426 (KBJ), 2021 WL 1601114, 2021 U.S. Dist. LEXIS 77559 (D.D.C. Apr. 22, 2021) ("[T]he applicability of the section 1 residual clause does not depend on the aggregate number or frequency of interstate trips taken by a class of workers; instead, what is at issue is whether that class of workers is 'engaged *in the channels* of ... interstate commerce.'"); *Hinson v. Lyft, Inc*., 20-CV-2209 (MHC), 2021 WL 838411 (N.D. Ga. Feb. 26, 2021) (finding rideshare drivers using Lyft not exempt under FAA section 1).

Among the few courts that have concluded the FAA section 1 exemption applies to rideshare drivers, in at least one such instance (from this District), arbitration was still ordered under state law. *Islam v. Lyft, Inc.*, No. 20-CV-3004 (RA), 2021 U.S. Dist. LEXIS 43839 (S.D.N.Y. Mar. 9, 2021).

Arbitration should be ordered, and because that is a threshold issue that may effectively dispose of this case, discovery should be deferred pending consideration of that motion.

7.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

**NOTE ON COVID-19 EMERGENCY PROCEDURES:**
**Until further notice, and pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions may**

**be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.**

**Nothing in the above-mentioned rule prevents parties from seeking to modify any pretrial schedule in light of the COVID-19 pandemic (or for any other good cause). Prior to seeking such relief, the parties must, as always, attempt to meet and confer (via remote means) in a good faith effort to reach agreement.**

**Parties are instructed to consult the Court's COVID-19 Emergency Individual Practices in Civil and Criminal Cases for additional guidance on procedures in place at this time.**

### Plaintiff's Position:

a.   Plaintiff proposes that initial requests for production of documents shall be served by **30 days following the initial pre-trial conference, or by July 30, 2021**.

b.   Plaintiff proposes that interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by **30 days following the initial pre-trial conference, or by July 30, 2021.** [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served withrespect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

c.   Plaintiff proposes that, unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District ofNew York. **Plaintiff proposes that contention interrogatories may be served no later than 30 days after the fact discovery deadline, or by May 1, 2022.**

d.   Plaintiff proposes that depositions shall be completed by **the close of the fact discovery deadline, or by April 1, 2022**.

e.   Plaintiff proposes that requests to admit shall be served no later than **30 days after close of the fact discovery deadline, or by May 1, 2022**.

8.   Plaintiff proposes that all expert discovery, including disclosures, reports, production of underlying documents,and depositions shall be completed by **45 days after the completion of fact discovery, or by May 16, 2022.** [*Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.*]

6

9.  Plaintiff proposes that all discovery shall be completed no later than **60 days after the completion of fact discovery, or by May 31, 2022.**

10. Plaintiff proposes that the proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3)no later than **14 days after the Court's Order on any Motion for Summary Judgment or, in the event no Motion for Summary Judgment is filed, 30 days after the close of all fact and expert discovery.**

11. Plaintiff proposes that a post-discovery status conference shall be held **15 days after the completion of all discovery.**

    A joint letter updating the Court on the status of the case shall be filed on ECF by one week prior to the status conference. The letter must be no more than 3 single spaced pages and should include the following information in separate paragraphs:

    (1) all existing deadlines, due dates, and/or cut-off dates;

    (2) a brief description of any outstanding motions;

    (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

    (4) the status of settlement discussions;

    (5) the anticipated length of trial and whether the case is to be tried to a jury;

    (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Plaintiff proposes that any motion for class certification must be filed no later than **30 days after the completion of all discovery, or May 31, 2022**.

13. Plaintiff proposes that any motion for summary judgment must be filed no later than **30 days after the Court's Order on any Motion for Class Certification.** [*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery*.]

    **Uber's Position:**  As stated above, Uber does not believe it is appropriate to set a discovery schedule before the Court's ruling on Uber's forthcoming motion to compel arbitration. Uber proposes the below schedule for litigation proceedings if there is a final order denying Uber's motion.

    a.    Uber proposes that the parties first engage in class certification-related discovery (including expert discovery related to class certification), to be completed within **ten months following a final order on Uber's motion to compel arbitration.**

7

b.  Class certification proceedings should follow class-related discovery, with the **parties to confer on an appropriate briefing schedule.**

c.  Uber proposes that merits/damages discovery (including merits/damages experts) follow the class certification proceedings, to be completed within **four months following the Court's ruling on Plaintiff's motion for class certification.**

d.  Summary judgment proceedings should follow merits/damages discovery, with the **parties to confer on an appropriate briefing schedule.**

14.  Jury trial.

  **<u>Plaintiff's Position</u>:** This case **is** to be tried to a jury.  **Plaintiff requests a jury trial.**

  **<u>Uber's Position</u>:** The appropriate forum for Plaintiff's dispute is arbitration.

15.  Length of trial.
  **<u>Plaintiff's Position</u>:** Plaintiff's best estimate of the length of trial is **one week**.

  **<u>Uber's Position</u>:** The appropriate forum for Plaintiff's dispute is arbitration.

16.  Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

  a. _____ Referral to a Magistrate Judge for settlement discussions.

  b. _____ Referral to the Southern District's Mediation Program.

  c. _____ Retention of a private mediator.

  **<u>Uber's Position</u>:** Given Uber's forthcoming motion to compel arbitration, it is premature to decide on an appropriate alternative dispute resolution mechanism.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

17.  Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

  Plaintiff's Position: Discuss ESI Protocol and Protective Order; Plaintiff's Motion for Limited Discovery; Uber's Position: Briefing on Uber's motion to compel arbitration.

Counsel for the parties:

**MOBILIZATION FOR JUSTICE, INC.**

Michael N. Litrownik
Carolyn Coffey
100 William Street, 6th Floor
New York, NY 10038
Tel: (212) 417-3858
Fax: (212) 417-3890
Email: mlitrownik@mfjlegal.org

**TOWARDS JUSTICE**
Juno Turner
David H. Seligman (to seek *pro hac vice* admission)
2840 Fairfax Street, Suite 200
Denver, CO 80207
Tel: (720) 295-8846
Fax: (303) 957-2289
Email: juno@towardsjustice.org

**LITTLER MENDELSON, P.C.**

Andrew M. Spurchise
Miguel A. Lopez
900 Third Avenue 8th Floor
New York, NY 10022
Tel: (212) 583-9600
Email: aspurchise@littler.com

Rod M. Fliegel
William J. Simmons
Daniella Adler
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: (415) 433-1940
Email: rfliegel@littler.com

*Attorneys for Uber Technologies, Inc.*

*Attorneys for Checkr, Inc.*

Dated:

New York, New York

_____
LEWIS J. LIMAN
United States District Judge

9

10