```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
GOLIGHTLY, on behalf of himself and all others                 :
similarly situated,                                            :
                                                               :
                               Plaintiffs,                     :    21-cv-3005 (LJL)
                                                               :
             -v-                                               :    OPINION AND ORDER
                                                               :
UBER TECHNOLOGIES, INC., et al.                                :
                                                               :
                               Defendants.                     :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/11/2021

LEWIS J. LIMAN, United States District Judge:

Defendant Uber Technologies, Inc. ("Uber"), moves to compel individual arbitration and to dismiss the complaint and alternatively to strike Plaintiff's class allegations and to stay proceedings and to stay discovery. Dkt. No. 21, 22.

The underlying complaint contains claims under the federal and state Fair Credit Reporting Acts and the New York City Human Rights Law. Golightly is a Black resident of the Bronx, New York who drove for Uber from 2014 until August 2020. Dkt. No. 1 ¶¶ 10-11. He also has been licensed by the New York City Taxi and Limousine Commission ("TLC") since 2014 as a For-Hire-Vehicle ("FHV") driver. *Id.* ¶ 10-12. In 2013, he received a speeding ticket in Virginia that was characterized as a misdemeanor. *Id.* ¶ 11. In August 2020, Uber discovered the speeding ticket through a background check and, without any notice, process, or further communication, deactivated him from its driving platform, depriving him of the ability to drive for Uber and earn income. *Id.* ¶¶ 11-12. Golightly argues that Uber's termination of him as a driver constitutes part of an unlawful policy and practice of the company to use criminal history to discriminate against drivers in New York in violation of the protections of the Fair Chance Act

incorporated into the New York City Human Rights Law. *Id.* ¶ 17. He alleges that the unlawful policy also disparately impacts hundreds of Black and Latinx drivers who have disproportionately higher rates of criminal history due to the overcriminalization of communities of color and therefore also violates the disparate impact provisions of the New York City Human Rights Law.[1]  *Id.*

Uber argues that Golightly's claim is subject to arbitration and that the complaint therefore should either be dismissed or proceedings on it stayed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.

At the initial pretrial conference in this case, Golightly sought to take limited discovery regarding whether he was subject to the FAA. The Court permitted him to serve discovery requests but permitted Uber to move for a protective order staying discovery in anticipation of a ruling on its motion to compel. The Court also stayed Golightly's time to respond to any motion to compel arbitration pending a ruling on the motion to stay discovery. The issue presently before the Court therefore is narrow: whether Golightly is entitled to limited discovery before the Court rules on Uber's request to remit him to arbitration and to preclude his request for classwide relief.

There is much common ground between the parties on the motion to stay discovery. Neither side disputes, for purposes of the discovery motion, that Golightly's claim is subject to arbitration unless he is one of a class of workers under the "residual clause" of the FAA, 9 U.S.C. § 2. In order to receive the "Drivers App." and to be able to accept rides through Uber's service, Golightly had to click the "I agree" box twice on a webpage that contained a link to

---

[1] Golightly also sued Checkr for violations of the federal Fair Credit Reporting Act, but that claim has been voluntarily dismissed. Dkt. No. 28.

Uber's Platform Access Agreement (the "January 2020 PAA").  Dkt. No. 22-2 ¶ 10-17, Exs. A, B, C, D.  The January 2020 PAA contains an arbitration provision that would cover this dispute.  *Id.* ¶ 18, Ex. D ¶ 14.  It also contains a class waiver.  *Id.*, Ex. D ¶ 14.4.  Golightly failed to avail himself of the option granted by the webpage to opt out of the Arbitration Provision.  *Id.* ¶ 19.

The parties also do not dispute that before Golightly is subjected to the provisions of the FAA, including those permitting a party to move to compel arbitration and requiring a court to stay the litigation, the Court must conclude that he does not fall within an exemption to the FAA.  Section 1 of the FAA states that the law does not "apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C. § 1.  The last clause is referred to as the "Residual Clause."  The Supreme Court has held that the "§ 1 exclusion provision [must] be afforded a narrow construction," and that it therefore should be read only to exempt from the FAA "contracts of employment of transportation workers."  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118-19 (2001).  At the same time, however, the construction must not be unduly narrow.  "[O]ften and by design it is 'hard-fought compromise[ ],' not cold logic, that supplies the solvent needed for a bill to survive the legislative process" and the Court must "respect the limits up to which Congress was prepared" to go when adopting the Arbitration Act and must not go further.  *New Prime Inc. v. Oliveira*, 139 S.Ct. 532, 543 (2019) (first quoting *Bd. of Governors, FRS v. Dimension Fin. Corp.*, 474 U.S. 361, 374 (1986), then quoting *United States v. Sisson*, 399 U.S. 267, 298 (1970)).  The Section 1 "exemption" "is not limited to classes of workers who transport goods in interstate commerce," but also "extend[s] to the transportation of passengers as well as physical goods."  *Osvatics v. Lyft, Inc.*, 2021 WL 1601114, at *9 (D.D.C. 2021) (quoting *Rogers v. Lyft*, 452 F.

3

Supp. 3d 904, 914 (N.D. Cal. 2020), and citing *Singh v. Uber Techs., Inc.*, 939 F.3d 210, 219-26 (3d Cir. 2019)).

This Court must "decide for itself whether § 1's 'contracts of employment' exclusion applies before ordering arbitration. After all, to invoke its statutory powers under §§ 3 and 4 to stay litigation and compel arbitration according to a contract's terms, a court must first know whether the contract itself falls within or beyond the boundaries of §§ 1 and 2." *New Prime Inc.*, 139 S.Ct. at 537.

The Court has discretion under Rule 26(c) to stay discovery pending decision on a motion to dismiss if the moving party demonstrates good cause. *See Ema Financial, LLC v Vystar Corp*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "Counts consider: '(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320 (S.D.N.Y. June 10, 2021) (quoting *Hong Leong*, 297 F.R.D. at 72); *see also Ema Financial*, 226 F.R.D. at 79 (quoting *Hong Leong*, 297 F.R.D. at 72).

In addition, the Court applies the standard on a motion to compel arbitration that it applies on a motion for summary judgment. When deciding on a motion to compel arbitration under the FAA, the court adopts "a standard similar to that applicable for a motion for summary judgment" and requires courts to "consider[] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (first quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016), then quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002)) (internal quotation marks and citations omitted); *see also Soliman v. Subway Franchisee Advert. Fund Trust, Ltd.*, 999 F.3d

828, 833-34 (2d Cir. 2021) (same); *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) ("[T]he summary judgment standard is appropriate in cases where the District Court is required to determine arbitrability.").[2]

The parties further do not dispute that the courts are divided on whether Uber and Lyft drivers fall within the residual clause. *Compare Islam v. Lyft, Inc.*, 2021 WL 871417, at *8-9 (S.D.N.Y. Mar. 9, 2021) (holding that Lyft drivers fall within the exemption); *Haider v. Lyft, Inc.*, 2021 WL 1226442, at *3 (S.D.N.Y. Mar 31, 2021) (same); *Rogers*, 452 F. Supp.3d 904, 916 (same), *with Capriole v. Uber Techs., Inc.*, 2021 WL 3282092, at *6 (9th Cir. Aug. 2, 2021) (holding that Uber drivers do not fall within the residual clause); *Osvatics v. Lyft, Inc.*, 2021 WL 1601114, at *8-9 (D.D.C. Apr. 22, 2021) (same with respect to Lyft drivers); *Aleksanian v. Uber Techs, Inc.*, 2021 WL 860127, at *9 (S.D.N.Y. Mar. 8, 2021) (same with respect to Uber drivers).[3] There is no Second Circuit precedent directly on point. Golightly has not had the opportunity to present evidence on the issue.

The Court finds persuasive the Third Circuit's opinion in *Singh v. Uber Techs Inc.*, 939 F.3d 210 (3d Cir. 2019). There, the district court rejected plaintiff's motion for discovery and held that Uber drivers categorically did not fall within the "residual clause" as a matter of law.

---

[2] *Meyer* cited and relied upon Section 4 of the FAA which provides, in pertinent part, "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. However, this case involves the antecedent question whether Golightly is part of a class of transportation workers and whether the FAA, including Section 4, applies at all. *New Prime Inc.*, 139 S.Ct. at 537. The *Bensadoun* court, however, held that the summary judgment standard applies to motions to dismiss complaints in favor of arbitration that do not fall squarely within the FAA. *See Bensadoun*, 316 F.3d at 175. The appropriate standards to apply therefore appear to be those found in Rule 56 and in Rule 37 on whether to grant a stay of discovery pending a decision on a motion to dismiss. *Cambridge Capital*, 2021 WL 2413320, at *1 (citing *Hong Leong*, 297 F.R.D. at 72).

[3] For purposes of this motion, neither side argues that there is a material difference between a Lyft driver and an Uber driver.

*Id.* at 218.  The district court reached that conclusion based on the erroneous legal proposition that the exemption for transportation workers applied only to those who transported goods and not those who transported passengers.  *Id.* at 217.  The Third Circuit started with its precedent regarding the two possible standards under which a motion to compel arbitration could be decided: on a motion to dismiss "where the *existence* of a valid agreement to arbitrate between the parties is apparent from the face of the complaint or incorporated documents," or on a summary judgment standard "if the complaint and its supporting documents are unclear . . . or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement" in dispute."  *Id.* at 216 (quoting *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 774-75 (3d Cir. 2013)) (emphasis and internal quotation marks omitted).  Where a party's right to arbitrate cannot be determined from the face of the complaint or documents incorporated therein, "restricted inquiry into factual issues [is] necessary."  *Id.* (quoting *Guidotti*, 716 F.3d at 775).  The court then held that such "restricted inquiry" was necessary and limited discovery was appropriate because Uber's right to arbitrate could not be determined conclusively from the complaint.  *Id.* at 226.  Although the complaint made clear that plaintiff transported persons and not goods, the Section 1 exemption was not categorically limited to persons who transported goods in interstate commerce.

The precise nature of the district court's substantive legal error—limiting Section 1 to transportation in goods—is less important than the procedural error it led that court to commit and the Circuit Court's holding with respect to the appropriate disposition of the case.  The district court denied plaintiff the opportunity for discovery where arbitrability could not be determined from the face of the complaint and the documents incorporated by reference.  The

6

Third Circuit concluded that the appropriate disposition was to remand to the district court *and* to permit plaintiff to take discovery before further briefing was entertained:

> The District Court did not determine whether Singh's class of transportation workers is engaged in interstate commerce or sufficiently related work, nor could it. At this stage, a court may only make that determination if the complaint and incorporated documents suffice. If not, or if so and Singh's opposition to the motion to compel arbitration places the issue in dispute, discovery must be allowed before entertaining further briefing on the question.

*Id.* at 226. The court remanded for determination whether Singh, the plaintiff, "belongs to a class of transportation workers engaged in interstate commerce or in work so closely related thereto as to be in practical effect part of it." *Id.* at 227. It concluded: "This inquiry can be informed by various factors. The District Court may thus be equipped with a wide variety of sources, including, but not limited to and in no particular order, the contents of the parties' agreements(s), information regarding the industry in which the class of workers is engaged, information regarding the work performed by those workers, and various texts—*i.e.*, other laws, dictionaries, and documents—that discuss the parties and the work." *Id.* at 227-28.

Uber's request for arbitration here also cannot be determined based on the allegations of the complaint and the documents incorporated therein. The complaint, by alleging that Uber accepted Golightly's application, is fairly read to incorporate by reference the terms of the January 2020 PAA, including the Arbitration Provision. Dkt. No. 1 ¶ 61. Ordinarily, that determination would be the beginning and end of the procedural question. The Court would go on to apply the FAA and to determine whether the dispute falls within the scope of the agreed arbitration provision. Here, however, the fact that Golightly is party to an arbitration provision raises, but does not answer, the question whether Golightly is required to arbitrate this dispute. The answer to that question depends on the antecedent determination that Golightly is not a

transportation worker under *Circuit City*. That question cannot be answered from the face of the complaint or the documents incorporated by reference.

Uber has not demonstrated good cause for a stay of discovery. Without prejudging Plaintiff's entitlement to each and every category of discovery he is seeking,[4] the breadth of the discovery sought is narrow. Plaintiff makes five requests for documents and asks Uber to answer eleven interrogatories. Dkt. No. 22-3. With one exception, the time period for the requests is limited—January 1, 2018 through the present. *Id.* at 10. Moreover, also with a single exception, the document requests are phrased as "documents sufficient to show." Plaintiff does not ask for all documents. The single exception is a request for "[a]ll versions of job descriptions or postings for drivers since January 1, 2014." *Id.* at 9. If that request is burdensome, Uber may make a motion for a protective order.

Uber also has not demonstrated any prejudice it would suffer from responding to the limited discovery requests. Plaintiff has served limited requests for documents and interrogatories. As a result, Uber will suffer the costs and the burden of any party offering an affirmative defense. It will be forced to produce information sufficient for the Plaintiff to test that affirmative defense and for the Court to determine its applicability. *See Gonzalez v. Lyft, Inc.*, 2021 WL 303024, at *6 (D.N.J. Jan. 29, 2021) (permitting discovery); *Sienkaniec v. Uber Techs., Inc.*, 401 F. Supp.3d 870, 871-73 (D. Minn. 2019) (same). Significantly, the requested information will not intrude into the substantive matters that would be subject to arbitration if the Court were to dismiss or stay the federal action in favor of arbitration, and the nature and the quantity of discovery sought does not exceed that ordinarily permitted as a preliminary matter

---

[4] Uber has reserved its objections to Plaintiff's discovery requests which, at the time it filed its motion, were not yet due. Dkt. No. 22-1 at 24 n.10.

when jurisdictional discovery is permitted.  *See Greer v. Carlson*, 2020 WL 6064167, at *6 (S.D.N.Y. Oct. 14, 2020) (allowing limited jurisdictional discovery and noting that the scope of such discovery "must be proportional to the current needs of the case"); *Blockchain Mining Supply and Services Ltd. v. Super Crypto Mining, Inc.*, 2020 WL 7128968, at *2 (S.D.N.Y. Dec. 4, 2020) (permitting limited jurisdictional discovery but not allowing discovery requests that were "overbroad at this stage [of] litigation").

      Finally, while its position ultimately may be meritorious, Uber has not demonstrated it is self-evidently so.  It has not made "a strong showing that [Golightly's] claim [to a federal forum] is unmeritorious."  *Ema Financial*, 336 F.R.D. at 79 (quoting *Hong Leong*, 297 F.R.D. at 72) (internal citations and quotations omitted); *Cambridge Capital*, 2021 WL 2413320, at *1-2.  Uber argues that it "has already provided all information necessary for the Court to decide this issue along with [its] motion."  Dkt. No. 22-1 at 25.  It relies exclusively on the declaration of a company manager that "[f]or all completed trips fulfilled using the Uber Rides marketplace in the United States between January 1, 2018 and December 31, 2020, approximately 97.7% of these trips began and ended in the same state, while the other 2.3% of all such trips started and ended in different states," and that, during that same time period, the average distance for all trips fulfilled using the Uber Rides marketplace was 6.3 miles and the average duration approximately 15.6 minutes while for trips that started and ended in different states, the average distance was approximately 14.2 miles and the average duration was approximately 29.4 minutes.  Dkt. No. 22-4 at 2.  Approximately 9.4% of all Uber trips were to airports.  *Id.*  The case law upon which Uber relies, however, makes clear that "the applicability of the section 1 residual clause does not depend on the aggregate number or frequency of interstate trips taken by a class of workers; instead, what is at issue is whether that class of workers is 'engaged in the

9

channels of . . . interstate commerce.'" *Osvatics*, 2021 WL 1601114, at *15 (quoting *Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798, 801–02 (7th Cir. 2020)). Thus, even where a company is involved only in the transport of persons or goods "solely within the boundaries of one state," its activities may be considered to be "in interstate commerce" if it is "part of the stream of interstate commerce" and "is an integral step in the interstate movement." *United States v. Yellow Cab Co.*, 332 U.S. 218, 228-29 (1947); *see Rittman v. Amazon.com, Inc.*, 971 F.3d 904, 917 (9th Cir. 2020) (holding that AmFlex workers who complete intrastate "the delivery of goods that Amazon ships across state lines and for which Amazon hires AmFlex workers to complete the delivery . . . form a part of the channels of interstate commerce").[5]

Uber's remaining arguments are not persuasive. It faults Golightly with not affirmatively alleging in his complaint facts that would take him outside the coverage of the FAA. However, Uber's argument that the dispute is subject to arbitration is in the nature of an affirmative defense. *Tech. in Partnership, Inc. v. Rudin*, 538 F. App'x 38, 40 (2d Cir. 2013) (referencing "affirmative defenses like arbitrability"); *Sills Cummis & Gross P.C. v. Dusange-Hayer*, 2020 WL 6561650, at *3 n.3 (S.D.N.Y. Aug. 14, 2020), *report and recommendation adopted*, 2020 WL 5253516 (S.D.N.Y. Sept. 3, 2020) ("Arbitration is an affirmative defense."); *Kaystone Chem., Inc. v. Bow-Sun*, 1989 WL 39498, at *2 (S.D.N.Y. Apr. 19, 1989) (same). The Supreme

---

[5] By citing *Rittmann*, the Court does not mean to prejudge that the only way Uber workers could satisfy Section 1 would be to meet the *Rittman* framework. Tellingly, in *Capriole*, upon which Uber relies, the district court's factual findings were unchallenged that Uber's service was "primarily local and intrastate in nature," *Capriole v. Uber Techs., Inc.*, 2021 WL 3282092 at *8 (9th Cir. Aug. 2, 2021), and Plaintiff failed to offer any evidence in the district court that "Uber drivers [we]re sufficiently 'engaged in interstate commerce' to fall under the Section 1 exemption," *id.* at *9. Uber would take *Capriole* one step further than even that out-of-circuit decision goes, preventing Plaintiff from even obtaining the discovery necessary to challenge the nature of Uber's service. The Court thus leaves open for briefing after the limited discovery the precise standards the Court should adopt in measuring the reach of Section 1 and the application of those standards to the facts.

Court has held that a complaint need only plead a "short and plain statement of the claim" and need not plead an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007); *see also Wei Su v. Sotheby's, Inc.*, 490 F. Supp. 3d 725, 735 n.9 (S.D.N.Y. 2020) ("The pleading requirements in the Federal Rules of Civil Procedure . . . do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses. . . . Instead, Rule 8 requires a plaintiff to provide only a short and plain statement of the claim showing that the pleader is entitled to relief.") (quoting *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007)).  In the ordinary case, where only the existence of an arbitration agreement and its scope are at issue, the plaintiff cannot avoid the impact of an arbitration agreement by artful pleading.  That is because where there is "a controversy . . . arising out of [a] contract" that contains an arbitration provision or where the transaction at issue in the litigation is evidenced by a contract containing an arbitration provision, 9 U.S.C. § 2, the contract and the arbitration provision will be incorporated by reference.  In this case, by contrast, the principal issue does not relate to the existence of an arbitration provision and its incorporation by reference thus cannot defeat Plaintiff's claim to a federal forum.  Plaintiff has pleaded "a short and plain statement" of his claim.  He need not have pleaded that Uber asked him to sign an agreement with an arbitration provision and set forth the reasons why he is a transportation worker and that that provision is not enforceable under the FAA.

In its original motion, Uber also argued that the Court should not permit discovery because even if the FAA does not apply, New York State law would require Golightly to arbitrate his claim. Dkt. No. 22-1 at 23.  Uber does not return to that argument in its reply.  New York law makes null and void "any clause of provision in any contract which requires as a condition of the enforcement of the contract or obtaining remedies under the contract that the

11

parties submit to mandatory arbitration to resolve any allegation or claim of discrimination, in violation of laws prohibiting discrimination, including but not limited to, article fifteen of the executive law." N.Y. C.P.L.R. § 7515(a)(2), (b)(i).

For the reasons stated, Uber's motion to stay discovery is DENIED. The Court takes under advisement Uber's motion to compel arbitration and will address that motion after the limited discovery has been completed. The parties are directed to meet and confer and propose to the Court a schedule for the completion of the limited discovery and for the submission of opposition and reply briefs on the motion to compel arbitration.[6]

SO ORDERED.

Dated: August 11, 2021
      New York, New York

                                             LEWIS J. LIMAN
                                             United States District Judge

---

[6] In advance of the receipt of an opposition brief, the Court is also prepared to entertain a supplemental brief from Uber on the motion to compel that addresses any information produced in discovery.