UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOB GOLIGHTLY, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>      -v-<br><br>UBER TECHNOLOGIES, INC., and CHECKR, INC.,<br><br>      Defendants. | Civil Action No. 1:21-cv-03005 (LJL)<br><br>PROTECTIVE ORDER |

LEWIS J. LIMAN, United States District Judge:

  WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties have agreed to stipulate to protect certain privileged, work-product or otherwise protected information including metadata where applicable ("Protected Information"), whether stored in electronic, paper, or other tangible form, against claims of waiver in the event it is produced during the course of this litigation whether pursuant to a Court Order, a Party's discovery request or informal production, including as against third parties and in other Federal and State proceedings, and therefore seek the additional protections of a Court Order under FRE 502(d) and (e);

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

  WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential

documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality and claw-back order governing the pretrial phase of this action;

WHEREAS, because the purpose of this Stipulation is to protect and preserve Protected Information, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential/AEO Discovery Material") shall not disclose such Confidential/AEO Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, revenue or sales numbers or summaries, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins) or pricing information;

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, operations information, policies, procedures, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) trip information, including but not limited to information that contains the number of trips or summary of trip data, date, time, location (including GPS data), distance, duration, fares, or other information about trips whether individual or aggregated; or

(f) any other category of information hereinafter given confidential status by the Court.

A Party may designate as "Attorneys' Eyes Only" any of the information described above upon good-faith belief that disclosure of the same to anyone other than as described in Paragraph 6, below, would place the producing Party at a competitive disadvantage.

2

3. With respect to the Confidential (or Attorneys' Eyes Only) portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" (or "Attorneys' Eyes Only") by: (a) stamping or otherwise clearly marking as "Confidential" (or "Attorneys' Eyes Only") the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. If a Party to whom such Confidential/AEO Discovery Material is produced creates from such Discovery Material any readable report or output that is to be disclosed to another person authorized to review the information pursuant to Paragraph 6 below, that creating Party shall prominently label each page of such output report as "CONFIDENTIAL" or "AEO" as applicable. A Party need not perform such labeling for any report or output that is reviewed solely by that Party.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential (or Attorneys' Eyes Only) either by (a) indicating on the record during the deposition that a question calls for Confidential (or Attorneys' Eyes Only) information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in separate volumes and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order" as applicable; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential (or Attorneys' Eyes Only), in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential (or Attorneys' Eyes Only).

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that they had previously produced without limitation should be designated as Confidential (or Attorneys' Eyes Only), they may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential (or Attorneys' Eyes Only) under the terms of this Protective Order. In the event of any change in designation pursuant to this Paragraph, the Party making the change shall promptly provide substitute copies of all information as to which confidential status is claimed, with the replacement information to bear a stamp, label, or sticker identifying the information as Confidential (or Attorneys' Eyes Only). Thereafter, the original, incorrectly designated information (and all copies thereof) shall be promptly destroyed or returned to the designating Party, with confirmation in writing.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Named Parties to this action, their insurers, counsel to their insurers, and former employees of Defendant whose assistance is needed in the litigation of this action;

3

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

Discovery Material designated Attorneys' Eyes Only shall only be disclosed to persons meeting the criteria of Subparagraphs (b), (g), (h), and (i) above.

7. Prior to any disclosure of any Confidential/AEO Discovery Material to any person referred to in Subparagraphs 6(d), 6(f), or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

9. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel

for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

10. Recipients of Confidential/AEO Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential/AEO Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

11. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential/AEO Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(F) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal unless the party wishing to maintain the designation seeks to file such papers as described in Paragraph 13, below. All persons producing Confidential/AEO Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential/AEO Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential/AEO Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

13. In the event a party in receipt of discovery material designated Confidential or Attorneys' Eyes Only anticipates a need to file such material on the Court docket, the party shall, no later than three business days prior to such filing, advise the producing party of the need to file such material. The producing party shall, within 24 hours, advise the receiving party whether it wishes to maintain the designation. If it does, the receiving party shall not file the material on the public docket but will instead file a placeholder indicating that the material is subject to a forthcoming motion to seal or redact by the producing party. The producing party shall file such motion, consistent with Rule 2(G) of this Court's Individual Practices in Civil Cases, within seven business days of the filing of the placeholder.

5

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential/AEO Discovery Material itself, and not text that in no material way reveals the Confidential/AEO Discovery Material.

16. Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Any person in possession of Confidential/AEO Discovery Material shall maintain such material in a manner designed to protect the confidentiality of such Confidential/AEO Discovery Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential/AEO Discovery Material, and protect against unauthorized access to or use of such Confidential/AEO Discovery Material. If a person or Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential/AEO Discovery Material, the person or Party shall: (1) promptly provide written notice to the designating Party of the breach; (2) investigate and take all necessary and appropriate corrective action to terminate the unauthorized access and all reasonable efforts to remediate the effects of the breach, and provide the designating Party with assurances reasonably satisfactory to the designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the designating Party can reasonably ascertain the size and scope of the breach.

17. Pursuant to FRE 502(d) and (e), the Parties agree to, and the Court orders, protection of privileged, work-product or otherwise protected Documents and Electronically Stored Information against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The inadvertent disclosure or production, by a Producing Party, of Protected Information, to a Receiving Party, shall in no way constitute the voluntary disclosure of such information.

(b) The disclosure of Protected Information in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such information as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party identifies any information produced by another party that it believes in good faith is Protected Information:

(i) The Receiving Party shall: (A) refrain from reading the Protected Information any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Protected Information; (C) specifically identify the Protected Information by Bates

6

Number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof. To the extent that Protected Information has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Information extracted from the database. Where such Protected Information cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding the above, the Receiving Party is under no obligation to search or review the Producing Party's disclosures or productions to identify Protected Information.

(ii) If the Producing Party intends to assert a claim of privilege or other protection over information identified by the Receiving Party as Protected Information, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced Protected Information:

(i) The Producing Party may notify the Receiving Party of such production in writing, and demand the return of such information. Such notice shall be in writing. The Producing Party's written notice will identify the Protected Information produced by Bates Number range or hash value, the privilege or other protection claimed, and the basis for the assertion of the privilege or other protection and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the identified information does not contain Protected Information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that Protected Information has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Information extracted from the database.

(e) To the extent that Protected Information has already been used in or described in other information generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Subparagraphs (c)(ii) and d(i), the Receiving Party shall sequester such other information until the claim has been resolved. If the Receiving

7

Party disclosed the Protected Information before receiving notice pursuant to this Paragraph, the Receiving Party must take reasonable steps to retrieve the Protected Information.

(f) The Receiving Party's return, sequestering or destruction of Protected Information as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed information on the grounds that the information is not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited from arguing that:

(i) the disclosure or production of the Protected Information acts as a waiver of an applicable privilege or evidentiary protection;

(ii) the disclosure of the Protected Information was not inadvertent;

(iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Information; and

(iv) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g) Either Party may submit Protected Information to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Information until such claim is resolved. The Receiving Party may not use the Protected Information for any purpose absent an Order from this Court.

(h) Upon a determination by the Court that the Protected Information is protected by the applicable privilege or evidentiary protection, and if the Protected Information has been sequestered rather than returned or destroyed by the Receiving Party, the Protected Information shall be returned or destroyed within 10 (ten) days of the Court's Order. The Court may also order the identification by the Receiving Party of Protected Information by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of information (including metadata where applicable), whether stored in electronic, paper, or other tangible form, for relevance and responsiveness, and for the segregation of privileged or otherwise protected information before such information is produced to another Party.

18. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, they shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

8

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies, abstracts, and summaries thereof, the physical media by which the Confidential/AEO Discovery Material was transmitted, and readable reports or output generated from the same shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed or rendered inaccessible sans use of specialized forensic tools or techniques. If Confidential/AEO Discovery Material has been furnished to outside experts or consultants, the attorney for the Party retaining such expert or consultant shall have the responsibility of ensuring compliance with this Paragraph. If Confidential/AEO Discovery Material has been loaded into any litigation review database, the attorney for the Party using such database shall have the responsibility of ensuring compliance with this Paragraph. The Parties, counsel of record, and experts or consultants for a Party shall not be required to return or to destroy any Confidential/AEO Discovery Material to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential/AEO Discovery Material is not returned or destroyed due to the foregoing reasons, such Confidential/AEO Discovery Material shall remain subject to the confidentiality obligations of this Protective Order.

20. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____          _____

Dated:                                                                   Dated:

SO ORDERED

Dated: October 5, 2021                                _____
New York, New York                                        LEWIS J. LIMAN
                                                                          United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOB GOLIGHTLY, on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>        -v-<br><br>UBER TECHNOLOGIES, INC., and CHECKR, INC.,<br><br>                Defendants. | Civil Action No. 1:21-cv-03005 (LJL)<br><br><u>NON-DISCLOSURE AGREEMENT</u> |

LEWIS J. LIMAN, United States District Judge:

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential/AEO Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____